57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Peter J. MORAN, Defendant-Appellant.
 No. 94-4062.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1995.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Peter J. Moran appeals a judgment denying his post-judgment motion to modify an order of restitution in a criminal conviction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992 and 1993, Peter J. Moran was indicted on several counts involving fraud and money laundering. Moran ultimately entered into an agreement whereby he pleaded guilty to seven counts of the indictments; conspiracy (18 U.S.C. Sec. 371), laundering of monetary instruments (18 U.S.C. Sec. 1956(a)(1)(A)(i)), fraud (18 U.S.C. Sec. 1343) (three counts), and tax fraud (26 U.S.C. Sec. 7206(1) (two counts). By order docketed September 28, 1993, the court sentenced Moran inter alia to a three year term of imprisonment and ordered restitution in the amount of $432,938.53. Moran did not take a direct appeal from the judgment and commitment order.
 
 
 4
 On March 25, 1994, the district court received a post-judgment motion from Moran styled "Motion to terminate, modify, and/or substantially reduce amount of restitution." The district court denied the motion by margin entry and this appeal followed. The parties have briefed the issues; Moran is proceeding without benefit of counsel. In addition, Moran filed a motion to require oral argument in this appeal and a motion for a court-ordered furlough to permit Moran to attend the requested oral argument.
 
 
 5
 Moran pleaded guilty to a series of fraudulent transactions, having occurred as early as "on or about December 1, 1986." The presentence investigation report contains the recommendation that an order of restitution is appropriate in Moran's case in the amount of $432,938.53.
 
 
 6
 Counsel for Moran submitted written objections to the presentence investigation report covering 16 separate issues. None of the objections contains a direct challenge to the propriety or the amount of the recommended order of restitution, although Moran "reserves the right to present argument in support of specific restitution amounts, if any." At sentencing, counsel for Moran alluded to a disagreement with the amount of restitution ordered, but provided no proof in support of his objections. The district court proceeded to sentence Moran and included the aforementioned restitution order of $432,938.53.
 
 
 7
 Moran filed his motion to modify the restitution order approximately six months after the final order in this case, that is, the judgment and commitment order. Moran disputes the dollar amount of the order, but fails to substantiate his claims with any evidentiary material. Although Moran's appellate filings suggest that this motion was one for relief under 28 U.S.C. Sec. 2255, there is no indication of this in the body of the motion.
 
 
 8
 Thus, the first question on appeal is the proper construction of Moran's motion. Moran's motion may be construed as a motion for correction or reduction of sentence under "old" Fed.R.Crim.P. 35, as a portion of his criminal conduct arguably took place before November 1, 1987. The motion may, alternatively, be viewed as a motion to vacate sentence under 28 U.S.C. Sec. 2255.
 
 
 9
 If the motion is construed as being filed under the version of Fed.R.Crim.P. 35 applicable to offenses committed prior to November 1, 1987, it is unquestionably out of time. Motions filed pursuant to Rule 35(a), which may be brought at any time, are limited to those claiming an illegal sentence. Moran, however, is not arguing that the order is illegal, but that the restitution amount should be reduced. This places the motion squarely within "old" Rule 35(b). Moran was required to file his Rule 35(b) motion within 120 days after the imposition of sentence, on the facts of this case. He did not do so. His motion is therefore of no moment if construed as being filed under this Rule.
 
 
 10
 If the motion is construed under Sec. 2255, Moran fares no better. His challenge to the amount of the restitution award could obviously have been raised on direct appeal but was not. Claims that could have been raised on direct appeal but were not will not be entertained in a Sec. 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). Frady applies to a defendant who has pleaded guilty and first raises challenges to his conviction in a collateral attack. Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Moran has not demonstrated or even alleged cause for the omission or prejudice resulting therefrom. This claim will not be considered on collateral attack.
 
 
 11
 It is also apparent that Moran's objections are patently meritless. The government provided the court and probation department with its version of the offense and loss calculation. Moran has never provided any concrete proof to the contrary. While the government bears the burden to demonstrate the amount of loss, any dispute over the proper amount of restitution to be ordered is to be resolved by the preponderance of the evidence. 18 U.S.C. Sec. 3664(d). It cannot be error for the court to have found the government's position persuasive in the face of Moran's utter failure to document his position. The appeal is meritless.
 
 
 12
 Accordingly, the motions for oral argument and a furlough are denied, and that the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation